UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VILLA MEDICI CONDOMINIUM
ASSOCIATION INC.,

    Plaintiff,

v.                                                          Case No. 3:22-cv-1371-MMH-LLL

STEADFAST INSURANCE
COMPANY,

    Defendant.
_____

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Opposed Motion to Dismiss (Doc. 12; Motion), filed by Steadfast Insurance Company (Steadfast) on January 5, 2023. In the Motion, Steadfast asserts that Plaintiff Villa Medici Condominium Association Inc.'s (Villa Medici) Complaint for Breach of Contract and Demand for Jury Trial (Doc. 3; Original Complaint) is due to be dismissed for failure to state a claim pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)). See Motion at 1, 8. Steadfast further argues that Villa Medici's Amended Complaint for Breach of Contract and Demand for Jury Trial (Doc. 7; Amended Complaint) should not be allowed to circumvent the Court's prior ruling in the recently dismissed lawsuit between the two

parties, Villa Medici Condominium Ass'n Inc. v. Steadfast Insurance Co., 3:22-cv-627-MMH-MCR ("Villa Medici I"). See id. at 1-2. Thus, according to Steadfast, "this lawsuit should be dismissed." Id. at 2. Villa Medici filed a response in opposition to the Motion on February 8, 2023. See Plaintiff's Response Opposing Defendant's Opposed Motion to Dismiss (Doc. 27; Response). Steadfast, with leave of Court, see Order (Doc. 29), filed a reply to Villa Medici's Response on March 17, 2023. See Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss the Complaint (Doc. 32; Reply). Accordingly, this Motion is ripe for review.

**I.   Background**

The prior lawsuit, Villa Medici I, arose out of an insurance contract dispute resulting from wind damage occurring on or about December 24, 2020. See Motion, Exhibit A (Doc. 12-1; Villa Medici I Complaint) ¶¶ 20, 41-51. Defendant Steadfast moved to dismiss the complaint in that action for failure to state a claim arguing that "Villa Medici cannot claim, as it does in the [Villa Medici I] Complaint, that Steadfast breached the insurance policy by not paying repair cost benefits it did not owe under the policy." See Response, Exhibit B (Doc. 27-2; Defendant's Motion to Dismiss) at 1. At a November 17, 2022 hearing on the motion to dismiss, the Court dismissed Villa Medici I without prejudice, finding that the Villa Medici I Complaint failed to state a claim for relief. See Motion, Exhibit C (Doc. 12-3; Motion Hearing Transcript)

2

at pg. 6, ln. 2-9, pg. 9, ln. 8-12. Specifically, the Court found Villa Medici failed to allege a material breach because the policy at issue did not obligate Steadfast to pay "replacement cost value" until repairs were completed, and Villa Medici alleged in the Villa Medici I Complaint that repairs had not been completed. Id. at pg. 3, ln. 1-4. The Court observed that Villa Medici could refile the lawsuit if Villa Medici completed the repairs and Steadfast refused to reimburse it in accordance with the terms of the policy. Id. pg. 7, ln. 1-6. In finding that dismissal of the action was proper, the Court denied Villa Medici's request to amend its complaint in Villa Medici I because an amendment would be "futile" until the repairs were completed. Id. at pg. 6, ln. 20-23.

This action ("Villa Medici II") arises out of the same insurance contract dispute between Villa Medici and Steadfast. Compare generally Original Complaint; Amended Complaint for Breach of Contract and Demand for Jury Trial (Doc. 7; Amended Complaint) with Villa Medici I Complaint. Villa Medici filed its Villa Medici II Original Complaint in state court one day after the Court dismissed Villa Medici I. See Original Complaint. Steadfast removed the action to this Court on December 14, 2022. See Notice of Removal (Doc. 1; Notice). A week later, Steadfast notified the Court that Villa Medici intended to file an amended complaint that would "moot any response by Steadfast to the [O]riginal Complaint." Defendant's Unopposed Motion for Extension of Time to Respond to Complaint (Doc. 5; Motion for Extension). Steadfast

3

explained that it requested an extension of time to respond to the Original Complaint "to provide Plaintiff the opportunity to file its amended complaint" and in light of the upcoming holidays. Id. at 2. The Court granted the requested extension on December 22, 2022, see Endorsed Order (Doc. 10), and that same day, Villa Medici filed its Amended Complaint. In the sole count of the Amended Complaint, Villa Medici asserts a breach of contract claim against Steadfast for "fail[ing] or refus[ing] to pay the amounts owed under the policy." See Amended Complaint ¶ 53-64. Notably, Villa Medici asserts that the repairs at issue have been completed. Id. ¶¶ 51-52.

## II.   Parties' Arguments

In the Motion, Steadfast argues that "this lawsuit should be dismissed." Motion at 2. In support, Steadfast contends that "Villa Medici filed this duplicative lawsuit in violation of the rule against claim-splitting, and in violation of this Court's prior ruling in" Villa Medici I. Id. at 1. According to Steadfast, the rule against claim splitting applies because "while this Court still retained jurisdiction" over Villa Medici I, Villa Medici filed virtually the same complaint in state court.[1] Id. Steadfast notes that in filing this second action Villa Medici omitted some language from the Villa Medici I Complaint,

---

[1] According to Steadfast, Villa Medici I was still "pending" because "the time for filing a Fed.R.Civ.P. 59(e) motion or an appeal had not expired" when Villa Medici filed the state court complaint. Motion at 6. Steadfast does not point the Court to a single authority applying the federal rule against claim splitting on this basis.

4

but "the lawsuit is the same," seeking "to recover the same repair costs, attaching the same proof of loss and estimate for the anticipated repair costs[,]" which were exhibits to the Villa Medici I Complaint. Id. at 5. With regard to the Amended Complaint, Steadfast states:

> The Amended Complaint alleges now that repairs have been completed. Note that under Fed.R.Civ.P. 15(d) this amounts to a supplement to the complaint and not a mere amendment, because it set "out [a] transaction, occurrence, or event that happened after the date of the pleading to be supplemented." A motion to supplement was the proper procedural vehicle, not a mere amendment. But this motion does not raise that technicality as a specific basis for the motion.

Id. at 6 (citing Fed. R. Civ. P. 15(d)). In all, Steadfast contends that the lawsuit should be dismissed "due to the improper procedural maneuvering by Villa Medici" because "[i]t is only due to refiling in state court and the delay in service and removal which allowed Villa Medici to complete repairs as it claimed before it filed the Amended Complaint." Id. at 8. Notably, Steadfast cites no legal authority in support of its "improper procedural maneuvering" argument.

In the Response, Villa Medici contends that Steadfast's claim-splitting argument is moot because "[o]nce Villa Medici I was dismissed without prejudice, [Villa Medici] declined to appeal or amend, and let the Court's jurisdiction expire. The only live case containing all of [Villa Medici's] causes of [action] against Steadfast is this action." Response at 7. Villa Medici further

5

argues that because Villa Medici I was dismissed without prejudice, there was no adjudication on the merits, and thus the rule against claim splitting did not prohibit Villa Medici from refiling this action. Id. at 7-8 (citing Hotels of Deerfield, LLC v. Studio 78, LLC, No. 21-60980-CIV, 2022 WL 731944, at *1-3 (S.D. Fla. Mar. 11, 2022)). Additionally, Villa Medici asserts that Steadfast's claims of "procedural maneuvering" are meritless because the Original Complaint in Villa Medici II was materially different than that of Villa Medici I in that it stated a claim for "actual cash value," which does not require completion of repairs.² Id. at 8-10. Regardless, Villa Medici argues that the Amended Complaint now states a valid claim for "replacement cost value" because repairs have been completed, "which was this Court's condition predicate for refiling [Villa Medici's] claim for [replacement cost value]." Id. at 10. Finally, Villa Medici argues that whether or not it presented the allegations as an amendment or a supplement, Steadfast reviewed the Amended Complaint and agreed to Villa Medici's request to file the Amended Complaint in this action. Id.

In the Reply, Steadfast repeats its contention that "Villa Medici is wrong to sue Steadfast again for replacement cost benefits within 24 hours of this Court's dismissal of Villa Medici I." Reply at 1 (emphasis in original). Without

---

² In support of this argument, Villa Medici asserts that in Villa Medici I, "[t]his Court made no ruling on whether a complaint that sought ACV, as opposed to RCV, would state a claim sans completion of repairs." Response at 9.

6

citation to any authority, Steadfast contends that the Court should reject Villa Medici's mootness argument because the outcome of this action "should not be different merely because enough time passed since the filing of the original Complaint, allowing the completion of repairs and the finality of Villa Medici I." Id. at 3.  ("Villa Medici cannot avoid dismissal simply because it completed its repairs after its improper filing of the Villa Medici II original Complaint. This procedural maneuvering violated the federal rule against claim-splitting and this [C]ourt's order.")  Moreover, Steadfast asserts that the Original Complaint in this action is not materially different than that of Villa Medici I because it seeks "replacement cost value" benefits without completion of repairs, and thus any discussion of "actual cost value" in Villa Medici's Response is "irrelevant." Id. at 4.

### III. Discussion

The Court need not address the merits of the parties' contentions because the Motion is due to be denied for the simple reason that it seeks dismissal of the Original Complaint which is no longer part of this action. Indeed, the Eleventh Circuit has unequivocally instructed that "an amended complaint 'supersede[s] the former pleadings.'  Once an amended complaint is filed, the original pleadings are 'abandoned' and are 'no longer part of [the plaintiff's] averments.'"  TVPX ARS, Inc. v. Genworth Life and Annuity Ins., Co., 959 F.3d 1318, 1327 (11th Cir. 2020) (quoting Hoefling v. City of Miami,

7

811 F.3d 1271, 1277 (11th Cir. 2016)) (internal citation omitted) (alterations in original). Here, with Steadfast's consent Villa Medici filed the Amended Complaint on December 22, 2022. With the filing of the Amended Complaint, any challenges to the viability of this action based on the allegations of the Original Complaint were rendered moot. As such, they present no basis for dismissal.

Steadfast seems to attempt to avoid the application of this rather obvious principle by arguing that Villa Medici's Amended Complaint should really have been a supplement rather than an amendment to the complaint. But this argument fails. Villa Medici represents that Steadfast specifically consented to the filing of the Amended Complaint after reviewing its contents. Notably, the record confirms that Steadfast consented to the filing of the Amended Complaint, and Steadfast does not dispute that it reviewed the document before doing so. See Motion for Extension. While Steadfast now contends that Villa Medici should have filed a supplement rather than an Amended Complaint, the record reflects that Steadfast fully understood that Villa Medici intended to "amend the [Original] Complaint." Id. at 2. And that the "amendment would moot any response by Steadfast to the [Original] Complaint." Id. Indeed, Steadfast's Motion for Extension is a total of seven paragraphs long, and in five of the seven, Steadfast refers to Villa Medici's intention to "amend the Complaint" or to its filing of an "amended complaint."

8

Id. at 2-5 and the "Wherefore" clause. Since Villa Medici filed its Amended Complaint on December 22, 2022, as the parties contemplated, that filing superseded the Original Complaint. Thus, Steadfast's arguments directed at the Original Complaint seeking its dismissal are moot.

To the extent Steadfast seeks dismissal of the "lawsuit" based on "improper procedural maneuvering," Steadfast provides no citation to any rule of procedure or other legal precedent that authorizes, much less warrants, dismissal of the suit under these circumstances. Indeed, when the Court dismissed Villa Medici I, it acknowledged that Villa Medici could file a suit against Steadfast after the repairs were completed if it believed Steadfast failed to comply with the terms of the policy. Steadfast has not shown that dismissal of the claims in the Amended Complaint is warranted here. As such, the Motion is due to be denied.

Accordingly, it is

**ORDERED**:

Defendant Steadfast Insurance Company's Opposed Motion to Dismiss (Doc. 12) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on May 15, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

i56
Copies to:
Counsel of Record